NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



FILED

OCT 19 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| STEVEN MANUEL IGLESIAS, AKA Steven Acosta, AKA Steven M. Iglesias Acosta, AKA Steven Iglesias, AKA Steven Iglesias Acosta, AKA Steven M. Iglesias Acosta, <br><br>        Petitioner, <br><br>  v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br>        Respondent. | No.   20-70377 <br><br> Agency No. A094-304-583 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 12, 2021[**]

Before:     TALLMAN, RAWLINSON, and BUMATAY, Circuit Judges.

Steven Manuel Iglesias, a native and citizen of Honduras, petitions for

review of the Board of Immigration Appeals' ("BIA") order denying his request to

---

      [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

      [**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

terminate and dismissing his appeal from an immigration judge's ("IJ") decision finding him removable, denying his prior motion to terminate, and denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").  We have jurisdiction under 8 U.S.C. § 1252.  We review for substantial evidence whether clear and convincing evidence establishes removability, *Nakamoto v. Ashcroft*, 363 F.3d 874, 882 (9th Cir. 2004), and determinations regarding social distinction, *Conde Quevedo v. Barr*, 947 F.3d 1238, 1241-42 (9th Cir. 2020).  We review for abuse of discretion the denial of a motion to terminate.  *Dominguez v. Barr*, 975 F.3d 725, 734 (9th Cir. 2020).  We review de novo questions of law, including whether a particular social group is cognizable, except to the extent that deference is owed to the BIA's interpretation of the governing statutes and regulations.  *Conde Quevedo*, 947 F.3d at 1241-42.  We deny the petition for review.

Substantial evidence supports the agency's determination that the government met its burden of establishing that Iglesias is removable where he conceded removability and did not seek to amend his concession.  *See Shin v. Mukasey*, 547 F.3d 1019, 1024 (9th Cir. 2008) ("[W]here the alien concedes removability, the government's burden in this regard is satisfied." (citation and internal quotation marks omitted)).  The agency did not abuse its discretion in denying Iglesias's motion to terminate based on a challenge to removability where

he failed to meet his burden that he was "lawfully present in the United States pursuant to a prior admission." *See* 8 U.S.C. § 1229a(c)(2)(B).

The BIA did not abuse its discretion in denying Iglesias's request to terminate based on *Pereira v. Sessions*, —— U.S. ——, 138 S. Ct. 2105 (2018), where his contention that the immigration court lacked jurisdiction over his proceedings is foreclosed by *Aguilar Fermin v. Barr*, 958 F.3d 887, 895 (9th Cir. 2020) ("the lack of time, date, and place in the NTA sent to [petitioner] did not deprive the immigration court of jurisdiction over her case"). Iglesias's contention that he did not receive proper service of his NTA fails where he conceded such service.

The record does not compel the conclusion that Iglesias established changed circumstances to excuse his untimely asylum application. *See* 8 C.F.R. § 1208.4(a)(4). Thus, Iglesias's asylum claim fails.

Substantial evidence supports the agency's determination that Iglesias failed to establish his proposed particular social groups are socially distinct. *See Conde Quevedo*, 947 F.3d at 1243 (substantial evidence supported the agency's determination that petitioner's proposed social group was not cognizable because of the absence of society-specific evidence of social distinction). Thus, the agency did not err in concluding that Iglesias did not establish membership in a cognizable particular social group. *See Reyes v. Lynch*, 842 F.3d 1125, 1131 (9th Cir. 2016)

20-70377

(in order to demonstrate membership in a particular social group, "[t]he applicant must 'establish that the group is (1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question'" (quoting *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 237 (BIA 2014))). Substantial evidence also supports the agency's determination that Iglesias failed to establish the harm he fears would be on account of an imputed nationality. *See INS v. Elias-Zacarias*, 502 U.S. 478, 483 (1992) (an applicant "must provide *some* evidence of [motive], direct or circumstantial"). In his opening brief, Iglesias does not challenge the agency's determination that he failed to establish the harm he fears would on account of a political opinion. *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079-80 (9th Cir. 2013) (issues not specifically raised and argued in a party's opening brief are waived). Thus, Iglesias's withholding of removal claim fails.

Substantial evidence supports the agency's denial of CAT relief because Iglesias failed to show it is more likely than not that he will be tortured by or with the consent or acquiescence of the government if returned to Honduras. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

We do not consider Iglesias's contention that the IJ failed to consider humanitarian asylum because the BIA did not decide the issue, *see Santiago-Rodriguez v. Holder*, 657 F.3d 820, 829 (9th Cir. 2011) (review limited to grounds

relied on by the BIA), and Iglesias does not argue that was in error, *see Lopez-Vasquez*, 706 F.3d at 1079-80. Iglesias's contentions that the agency otherwise erred in its legal analysis or ignored evidence fail. *See Najmabadi v. Holder*, 597 F.3d 983, 990 (9th Cir. 2010) (the agency adequately considered evidence and sufficiently announced its decision).

The temporary stay of removal remains in place until issuance of the mandate.

**PETITION FOR REVIEW DENIED.**